kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-40082-JAR** |
| | ) | |
| **WADE A. GLASSCOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Defendant Wade A. Glasscock was charged in a two-count Indictment with conspiracy to distribute and possession with intent to distribute 327 kilograms of marijuana in violation 21 U.S.C. § 841(a)(1). Defendant appeared in front of Magistrate Judge Sebelius on July 17, 2008, and was released on conditions pending trial. Defendant now alleges, and the government concedes, that there has been a violation of the Speedy Trial Act. On September 8, 2008, the Court had an evidentiary hearing on defendant's Motion to Dismiss (Doc. 74) with Prejudice for Violation of the Speedy Trial Act.[1] The Court has reviewed the parties' briefs and is ready to rule. For the reasons explained in detail below, the Indictment is dismissed without prejudice.

**Discussion**

The Speedy Trial Act, title 18, section 3161(h)(1)(F) of the United States Code, excludes from the seventy day requirement, periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of,

---

[1]18 U.S.C. § 3161, et. seq.

such motion."[2]  Under section 3161(h)(1)(J), periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" are also excluded.[3]  The Supreme Court has reasoned that subsection (F) excludes the period between filing a motion and the conclusion of the hearing of the motion, after which, the district court has thirty days to decide the motion.[4]  Where a motion does not require a hearing and can be decided on the papers, the maximum period of delay is thirty days.[5]  Accordingly, where a motion "does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement."[6]

In this case, defendant's speedy trial clock began to run on July 17, 2007, when he made his initial appearance.[7]  The defendant filed the instant motion to dismiss on July 23, 2008, after the Court extended the motions deadline and continued the motions hearing *five* times, on the motion of the defendant, and once on the motion of the government for an extension of response time.[8]  Defendant contends and the government concedes that these continual motions for

---

[2]18 U.S.C. § 3161(h)(1)(F).

[3]*Id.* § 3161(h)(1)(J).

[4]*Henderson v. United States*, 476 U.S. 321, 329 (1986); *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

[5]*Williams*, 511 F.3d at 1048 (citing *Henderson*, 476 U.S. at 329).

[6]*Id.*

[7]*See* 18 U.S.C. § 3161(c)(1).

[8]On July 24, 2007, the Court entered a General Order of Discovery & Scheduling (Doc. 17) setting a motions deadline of August 28 and a motions hearing on September 10, 2007.  The motions deadline and motions hearing was extended five times upon the motion of this defendant (Docs. 19, 24, 30, 35, 40) which operated to extend the motions deadline from August 28 to January 10, 2008 and the motions hearing from September 10, 2007 to February 4, 2008.  The Court entered an order (Doc. 47) granting the government's motion (Doc. 46) for an

extension and continuance are largely attributable to the government's delay in providing

discovery to the defendant.  Although there is considerable excludable time in light of the

defendant's continual motions for extension, nonetheless, by the Court's calculation the speedy

trial clock has expired, and there has been a violation of the Speedy Trial Act.

Generally, the Speedy Trial Act requires that a defendant be brought to trial within

seventy days of the filing of the indictment or from the date the defendant first appears before a

judicial officer.[9]  "The dual purpose of the Speedy Trial Act is to protect a defendant's

constitutional right to a speedy indictment and trial, and to serve the public interest in bringing

prompt criminal proceedings."[10]  Where the Speedy Trial Act is violated, the indictment must be

dismissed;[11] however, the court retains "broad discretion whether to dismiss the [i]ndictment

with or without prejudice."[12]  Because a violation of the Speedy Trial Act alone is not sufficient

to dismiss the indictment with prejudice,[13] the court should consider the seriousness of the

offense, the facts and circumstances of the case, which led to the dismissal, and the impact of

---

extension of response deadline and continuation of the motions hearing to March 3, 2008.  On March 3, 2008, the
Court heard the defendant's motions, and set an additional hearing on April 7, 2008 on the defendant's motion for
discovery of drug detection dog information.  On March 28, 2008 the Court entered an order (Doc. 59) denying
defendant's motions to suppress and motion to dismiss.  The motion for discovery of drug detection dog information
was not heard on April 7; and the Court noticed the matter up for a status conference on July 29, 2008.  On July 23,
2008, the government moved (Doc. 73) to continue that status conference; and the defendant responded by filing the
instant motion to dismiss for violation of speedy trial.  The Court set the motion for hearing on August 15, 2008; but
that hearing was continued on the defendant's motion (Doc. 82).  The hearing on the motion to dismiss was finally
heard on September 8, 2008.

[9]18 U.S.C. § 3161(c)(1); *United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998).

[10]*United States v. Saltzman*, 948 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. Noone*, 913 F.2d
20, 28 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991)).

[11]*Williams*, 511 F.3d at 1049.

[12]*United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir.2006), *cert. denied*, —U.S. —, 127 S.Ct.
1321 (2007).

[13]*Id.*

3

reprosecution on the administration of justice.[14]

### 1.       *Seriousness of the Crime*

Defendant concedes that the crime with which he is charged is serious, but not as serious as other crimes in which courts have dismissed with prejudice for violation of the Speedy Trial Act.  Defendant is charged with possession with intent to distribute 327 kilograms of marijuana. Defendant cites to *United States v. Williams*,[15] *United States v. Abdush-Shakur*,[16] and *United States v. Cano-Silva*,[17] arguing that in those cases, the indictment was dismissed without prejudice because those crimes were much more serious.

First, in *Williams*, the Tenth Circuit did not entertain the issue of whether the case should be dismissed with or without prejudice; rather, the Tenth Circuit ruled that 140 days were not excludable under the provisions of 18 U.S.C. § 3161 and remanded the case for the district court to issue rulings on dismissal with or without prejudice.[18]  In *Abdush-Shakur* and *Cano-Silva*, defendants conceded that the crimes with which they were charged were serious offenses.[19] Furthermore, the conclusion to dismiss without prejudice in those cases did not rest solely on the offense charged.[20]  In fact, the Tenth Circuit has stated that "'[w]hen charges are serious, courts

---

[14]*United States v. Johnson*, 120 F.3d 1107, 1112 (10th Cir. 1997).

[15]511 F.3d 1044 (10th Cir. 2007).

[16]465 F.3d 458 (10th Cir.2006).

[17]402 F. 3d 1031 (10th Cir. 2005).

[18]*Williams*, 511 F.3d at 1059-60.

[19]*Abdush-Shakur*, 465 F.3d at 463; *Cano-Silva*, 402 F. 3d at 1035.

[20]*See generally Abdush-Shakur*, 465 F.3d at 463 (stating that the government's behavior was not egregious); *Cano-Silva*, 402 F. 3d at 1035 (noting that defendant did not show that he was so prejudiced as to warrant dismissal with prejudice).

should impose the sanction of dismissal with prejudice only for correspondingly serious delay . . . ."[21]  In *United States v. Saltzman,* defendant was charged with possession of a chemical used in the manufacture of methamphetamine, and the Tenth Circuit agreed that possession of the chemical substance was a serious offense.[22]  Indeed, the "Tenth Circuit has acknowledged that felony drug charges have been treated as serious offenses."[23]  In any event, the seriousness of the crime is merely one factor in the balancing required, and the Court finds that this factor weighs in favor of dismissal without prejudice.

### 2.  *Circumstances Leading to Dismissal*

When considering the circumstances leading to dismissal, a district court should look for indications that the "government was dilatory or neglectful in its prosecution" of the defendant.[24] Dismissal with prejudice is ill-suited for an isolated incident or inadvertent violations of the Speedy Trial Act.[25]  Thus, a dismissal with prejudice is not appropriate where a defendant does nothing more than point to the government's "mistake with rising indignation."[26]  Finally, as the court, government, and defendant are responsible for effectuating a defendant's right under the Act, a defendant that sits passively by as the clock runs and then claims dismissal with prejudice

---

[21]*United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993) (citing *United States v. May*, 819 F.2d 531, 534 (5th Cir. 1987)).

[22]*Id.* at 1089.

[23]*See United States v. Williams*, 532 F. Supp. 2d 1323, 1329 (N.D. Okla. 2008) (citing *Saltzman*, 948 F.2d at 1093).

[24]*Abdush-Shakur*, 465 F.3d at 463.

[25]*United States v. Cano-Silva*, 402 F. 3d 1031, 1035 (10th Cir. 2005).

[26]*Id.* at 1036.

5

has less of a claim "than a defendant who makes a timely assertion, but is unheeded."[27]

Defendant argues that the government repeatedly failed to comply with requests for evidence, failed to respond to communications from defense counsel, gave false and misleading information, and lost a vital piece of evidence, the truck defendant was driving when stopped by law enforcement.  Specifically, defendant claims that on August 22, 2007, he requested to view the truck, view the video of the police encounter, and view the documents pertaining to the training of the canine used in the stop.  Defendant states that he did not locate the truck until February 7, 2008, did not view the video tape until February 27, 2008, and did not receive the canine records until March 4, 2008.  Lastly, the defendant alleges that he requested phone records referenced in other discovery on April 10, 2008, and has yet to receive any information, even after repeated requests.

The government concedes that there have been delays in obtaining and turning over certain discovery materials, but notes that defendant did not seek court intervention by simply filing a motion to compel.  This notion, however, lends support to the defendant's argument that there was pattern of neglect.  The government seems to imply that it would turn over the requested materials if the Court were to grant a motion to compel, yet the government failed to do so in the absence of such a motion.  Furthermore, as the government does not really attemp to contradict the record before the Court, it is not difficult for the Court to conclude that there was some pattern of neglect and failure on the government's part to provide defendant the necessary

---

[27]*United States v. Jones*, 213 F.3d 1253, 1257 (10th Cir. 2000).

information to develop a defense.[28]  As such, this factor weighs in favor of dismissal with prejudice.

### 3.       Impact of Reprosecution on Speedy Trial Act and Prejudice to the Defendant

The prejudice occasioned by the defendant will usually weigh against reprosecution.[29] The length of delay is related to the prejudice to the defendant; "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of ability to prepare for trial or the restrictions on his liberty."[30]  Defendant argues that he has suffered actual prejudice because the pressures of trial and the threat of conviction are a burden on his employment, his child's life, and his other personal relationships.  Also, defendant claims to suffer physical ailments from the stress accompanying the pending charges.

The prejudice the Act seeks to eliminate, however, is prejudice that affects defendant's right to defend the charges against him, including, the loss of a necessary witness, or the destruction of highly relevant evidence.[31]  Defendant's stressors are those attendant with any person being charged with a crime, and thus defendant does not show prejudice.[32]  Moreover, general allegations of prejudice are insufficient to support a dismissal with prejudice.

---

[28]See United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988) (stating that "[i]f delay is occasioned by a pattern of governmental inattention or because the prosecutor, like a recalcitrant school-boy, fails to learn oft-repeated lessons, the situation becomes more conducive to dismissal with prejudice than if delay stems from some solitary bevue.").

[29]See Jones, 213 F.3d at 1258.

[30]United States v. Taylor, 487 U.S. 326, 340 (1988).

[31]See Id. at 341 (noting that there was no finding that there was prejudice to defendant's trial preparation); United States v. Abdush-Shakur, 465 F.3d 458, 464 (10th Cir.2006), cert. denied, —U.S. —, 127 S.Ct. 1321 (2007) (stating that there is no evidence that the absent witness's testimony would prejudice defendant's case).

[32]See United States v. Williams, 532 F. Supp. 2d 1323, 1334 (N.D. Okla. 2008) (concluding that defendant's loss of wife and child was not prejudice to defendant's trial).

Defendant further argues that dismissal with prejudice would not have any real effect on the Act and on the administration of justice because defendant is this case was merely a "mule" in the least insidious narcotic being shipped across the highways; marijuana.  Additionally, he argues, reprosecution of this defendant gains little in the war on drugs.  Yet in this case, dismissal without prejudice has a real effect on the administration of justice.  The Supreme Court has stated that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations ground."[33]  Moreover, the Tenth Circuit has noted that a "dismissal without prejudice requires the government to re-indict, may work to the disadvantage of the government on limitations grounds, and may make reprosecution less likely."[34]

Even taking into account the government's neglect, the totality of factors weight in favor of dismissal without prejudice.  Because of the seriousness of the crime, which the defendant concedes, and the defendant's inability to show any prejudice caused by the violation, reprosecution would not negatively impact the Act or the ends of justice.  Accordingly, defendant's motion to dismiss is granted without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 74) is **GRANTED.**

**IT IS ORDERED THAT** this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

---

[33]*Taylor*, 487 U.S. at 340.

[34]*Jones*, 213 F.3d at 1257 (citing *Taylor*, 487 U.S. at 342).

8

Dated this 2nd day of October 2008.

**S/ Julie A. Robinson**
**Julie A. Robinson**
**United States District Judge**